```
         IN THE UNITED STATES DISTRICT COURT FOR
            THE SOUTHERN DISTRICT OF GEORGIA
                     SAVANNAH DIVISION
```

ALINE HALL,                           )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   CASE NO. CV420-059
                                      )
EXPERIAN INFORMATION                  )
SOLUTIONS, INC.; CREDIT               )
COLLECTION SERVICES, INC.,            )
d/b/a Profit Services Group;          )
PENDRICK CAPITAL PARTNERS II,         )
LLC; and PHOENIX FINANCIAL            )
SERVICES;                             )
                                      )
    Defendants.                       )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 4), to which Plaintiff has objected (Doc. 5). On March 26, 2020, Plaintiff filed suit against defendants alleging various violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. (Doc. 1.) Under Federal Rule of Civil Procedure 4(m), if Plaintiff fails to properly serve the Defendant within 90 days of the filing of the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). As noted in the Magistrate Judge's report and recommendation, the 90-day period for Plaintiff to serve Defendants in this case ran on June

24, 2020. (Doc. 4 at 1) Because of Plaintiff's failure to timely serve Defendants, the Magistrate Judge recommends that Plaintiff's complaint be dismissed without prejudice. (Id. at 2.) Plaintiff's counsel, on behalf of plaintiff, has objected to the report and recommendation, claiming that Plaintiff's failure to serve Defendants should be excused. (Doc. 5 at 1-2.)

"[I]f the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (internal quotations omitted) (citing Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)). Based on the declarations of Daniel Zemel and Mark A. Bandy, Plaintiff's counsel, the Court finds Plaintiff's failure to serve Defendants was the result of her own unwillingness to communicate with her counsel and to diligently prosecute her claims, not the result of any "outside factor." Because the Court does not find good cause exists for Plaintiff's failure to timely serve Defendants, the Magistrate Judge's report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.** Accordingly, Plaintiff's counsels' motion to withdraw (Doc. 5) is

2

**DISMISSED AS MOOT.** The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 24th day of November 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA